UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ASHLEY KALLAS, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-01351 |
| | ) |
| v. | ) |
| | ) |
| VONACHEN SERVICES, INC, | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Ashley Kallas ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of her receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Ashley Kallas, resides in Livingston County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Vonachen Services, Inc., is a corporation doing business in and for Livingston County, Illinois, whose address is 1304 4H Park Road, Pontiac, IL, 61764-9105.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Supervisor from in or around January 2022 through June 12, 2024.

13. Since at least January 2022 through June 12, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class

and has been subjected to a hostile work environment on the basis of sex, violating Title VII and Section 1981.

14. Plaintiff is Female and is a member of a protected class because of their sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15. In or around early 2022, Plaintiff was working in a store, bent over a large box of springs.

16. A male co-worker, Mr. David Gernatze, approached Plaintiff from behind, slapped her buttocks, and said, "Good morning."

17. Plaintiff asked Mr. Gernatze what made him think that behavior was appropriate, but he continued walking without responding or acknowledging his actions.

18. Mr. Gernatze also frequently made sexual gestures toward Plaintiff and other female employees, such as pretending to pinch their buttocks.

19. Almost daily, Mr. Gernatze would comment that he was grateful Plaintiff was walking in front of him so that he could "check out" her buttocks. The Plaintiff, fearing retaliation, did not initially report these incidents.

20. In or around August or September 2023, Mr. Mike Kennedy, a higher-level Caterpillar employee with whom Defendant contracted, told Plaintiff that both he and his boss found her "really sexy."

21. While Plaintiff was walking through the transition room, Mr. Kennedy entered through another door, looked at Plaintiff, and remarked, "Mmm, alone at last."

22. Shortly after, another male employee commented, "Dang girl, what do you do to keep your body in shape like that?"

23. In or around February 2024, Ms. Skylena Hartley, a female employee Plaintiff supervised, informed Plaintiff that she was a lesbian and enjoyed inviting other women into her bedroom.

24. Ms. Hartley proceeded to describe to Plaintiff in vulgar detail what she could do to "[Plaintiff's] pussy" with her tongue. Despite Plaintiff's clear objections, Ms. Hartley persisted and suggested they meet for coffee to "try" things out.

25. Plaintiff repeatedly informed Ms. Hartley that she was in a relationship and not interested, but Ms. Hartley refused to drop the matter, continuing her derogatory remarks.

26. Plaintiff immediately reported this incident to her then-supervisor and facility manager, Mr. John Doyle, who advised Plaintiff to report the issue to district manager, Mr. Terry Brown.

27. Plaintiff approached Mr. Brown and reported Ms. Hartley's sexually inappropriate behavior. Mr. Brown responded by laughing and telling Plaintiff she should feel "honored" that Ms. Hartley was hitting on her.

28. Mr. Brown's response was inappropriate and failed to address the serious nature of the harassment Plaintiff had reported.

29. Plaintiff subsequently informed Human Resources Representative, Mr. Bill Zorn, about the sexual harassment and Mr. Brown's dismissive attitude.

30. Mr. Zorn acknowledged that Ms. Hartley's behavior constituted sexual harassment and said he would speak with her. Ms. Hartley was eventually moved to a different department, but she continued to make suggestive looks and gestures toward Plaintiff in passing.

31. Sexual harassment was pervasive in the workplace, and Plaintiff regularly encouraged her female colleagues to speak out against such conduct.

32. In or around mid-May 2024, Plaintiff applied for and was granted PTO for May 17, 2024.

33. Despite her approved PTO and arranging coverage for her shift, Mr. Brown called Plaintiff during her absence and angrily accused her of failing to secure proper coverage.

34. This had never been an issue in the past, and Plaintiff was confused by his sudden hostility.

35. On or around June 4, 2024, Plaintiff's subordinate, Brittany [LNU], went on break due to feeling ill.

36. Ms. Brittany had recently suffered a miscarriage, and this was a matter of concern for her coworkers, including Plaintiff.

37. Ms. Brittany contacted a nurse, who advised her to go to the emergency room. An ambulance was sent to transport her.

38. Mr. Brown asked Plaintiff if she was aware of Ms. Brittany's situation.

39. Plaintiff checked her messages and informed him that Ms. Brittany was in route to the hospital.

40. Plaintiff printed Ms. Brittany's doctor's note and had it on her clipboard when Mr. Brown grabbed it, stating he wanted to review it before it reached HR.

41. Mr. Brown then instructed Plaintiff to write up Ms. Brittany for leaving her post and place the disciplinary notice on her desk.

42. Plaintiff questioned the appropriateness of writing up Ms. Brittany under these circumstances, but Mr. Brown insisted, stating, "I don't care, write her up."

43. Reluctantly, Plaintiff followed Mr. Brown's directive.

44. Upon receiving the write-up, Ms. Brittany was visibly upset and subsequently

5

submitted her two weeks' notice of resignation.

45. On June 5, 2024, Mr. Brown entered the office and publicly berated Plaintiff, claiming she had created a mess by allowing employees to quit.

46. Mr. Brown further claimed ignorance about Ms. Brittany's doctor's note, despite having taken it from Plaintiff earlier.

47. Plaintiff responded by stating that Mr. Brown had directed her to write up Ms. Brittany and that it was inappropriate to do so given her recent miscarriage. She expressed frustration at being blamed for following his instructions.

48. Mr. Brown silenced Plaintiff by raising his hand and telling her not to argue back.

49. On June 6 and 7, 2024, Plaintiff was out of the office on PTO.

50. During this time, Plaintiff heard rumors that her supervisor, Ms. Jessica [LNU], had initiated her separation. When Plaintiff inquired, Ms. Jessica initially denied it, but later admitted that she had locked Plaintiff's badge, effectively suspending her.

51. Plaintiff contacted Mr. Zorn to determine what was happening but was unable to get clear answers.

52. On June 12, 2024, Mr. Zorn called Plaintiff to inform her that her employment had been terminated and that her separation had in fact been processed on June 7, 2024.

53. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

54. Plaintiff was unlawfully terminated because of her sex, Female, on June 12, 2024.

55. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

56. Plaintiff reported the sex-based harassment to Defendant.

57. Plaintiff was targeted for termination because of their sex.

58. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

59. There is a basis for employer liability for the sex-based harassment that Plaintiff was subjected to.

60. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager and HR about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

61. Plaintiff repeats and re-alleges paragraphs 1-60 as if fully stated herein.

62. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

63. Plaintiff met or exceeded performance expectations.

64. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

65. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

66. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

67. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex-Based Harassment)

69. Plaintiff repeats and re-alleges paragraphs 1-60 as if fully stated herein.

70. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

71. Defendant knew or should have known of the harassment.

72. The sex-based harassment was severe or pervasive.

73. The sex-based harassment was offensive subjectively and objectively.

74. The sex-based harassment was unwelcomed.

75. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, Female.

76. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

77. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

78. Plaintiff repeats and re-alleges paragraphs 1-60 as if fully stated herein.

79. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

80. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex discrimination or sex-based harassment.

81. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

82. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination or harassment.

83. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

84. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

85. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

86. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

87. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Compensatory and punitive damages;

    d.    Reasonable attorneys' fees and costs;

    e.    Award pre-judgment interest if applicable; and

    f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of September, 2024.

                                      **/s/ Alexander J. Taylor**
                                      **ALEXANDER J. TAYLOR, ESQ**.
                                      SULAIMAN LAW GROUP, LTD
                                      2500 South Highland Avenue, Suite 200
                                      Lombard, IL 60148
                                      Telephone: (331) 272-1942
                                      Facsimile: (630) 575-8188
                                      Email: ataylor@sulaimanlaw.com
                                      *Attorney for Plaintiff*